HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER STAFFORD, *individually and on behalf of all others similarly situated*,<br>Plaintiff,<br>v.<br>WW INTERNATIONAL, INC.,<br>Defendant. | Case No. 2:26-cv-01811-RAJ<br><br>ORDER STAYING CASE |

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendant WW International, Inc.'s Motion to Stay the Case Pending Outcome of the *Montes II* Appeal. Dkt. No. 11 ("Motion to Stay"). The Court has reviewed the motion, the submissions in support of and in opposition to the motion, and the balance of the record. Plaintiff requested oral argument, but the Court finds oral argument is not necessary to resolve the motion. For the reasons set forth below, the Court **GRANTS** the Motion to Stay.

## II. BACKGROUND

This is a putative class action against Defendant for violations of Washington's Consumer Electronic Mail Act ("CEMA"), RCW 19.190.020(1)(b), and the Consumer

Protection Act ("CPA"), RCW 19.86.020. Dkt. No. 1-3. Plaintiff alleges that Defendant sent promotional emails to Plaintiff and other Washington consumers containing misleading subject lines. *Id.*

In December 2025, a court in the Eastern District of Washington concluded that a similarly situated plaintiff lacked Article III standing, finding that mere "recei[pt of] an email with a misleading or false subject line" does not constitute a concrete injury. *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025) ("*Montes II*"). The *Montes II* decision was appealed to the Ninth Circuit; as of the date of this Order, the appeal remains pending. *See Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026). In light of the pendency of the *Montes II* appeal, numerous courts in this district have stayed proceedings in analogous CEMA/CPA matters. *Meadows v. Lands' End, Inc.,* No. 3:25-CV-05841-BHS, 2026 WL 2581947, at *3 (W.D. Wash. Sept. 1, 2026) (collecting cases).

In its Motion to Stay, Defendant argues that a stay of this case is warranted pending the resolution of the *Montes II* appeal. Dkt. Nos. 11, 13. Plaintiff opposes a stay, arguing that the Court should remand this case if it has doubts about its subject matter jurisdiction and that delaying the case would be inequitable. Dkt. No. 12.

## III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court's authority extends to staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979), *cert. denied*, 444 U.S. 827 (1979)). In determining whether a stay is appropriate, the court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268

(9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). These interests include: (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.*

## IV. DISCUSSION

The Court finds that the *Landis* factors support a stay pending the Ninth Circuit's resolution of *Montes II*. *Landis*, 299 U.S. at 254–55. First, there is little damage likely to result from granting a stay, given the early stage of this litigation. *Arcand v. Catalyst Brands LLC*, No. 2:25-cv-01445-DGE, 2026 WL 369417, at *3 (W.D. Wash. Feb. 10, 2026) (staying action where "the case is in the early stages of litigation, very little substantive work has been done in this case, and there are no immediately pressing deadlines"). Second, requiring the parties to go forward pending the Ninth Circuit's resolution of *Montes II* risks inconsistent rulings, wasted judicial and attorney resources, and duplicative proceedings. Finally, the Ninth Circuit's ruling in *Montes II* will simplify a question of law that is "directly on-point and will be dispositive on the threshold Article III jurisdictional question." *Meadows v. Lands' End, Inc.*, No. 3:25-cv-05841-BHS, 2026 WL 2581947, at *3 (W.D. Wash. Sept. 1, 2026). Recognizing this, numerous courts in this district have stayed virtually identical CEMA/CPA actions pending resolution of the appeals in *Montes II* and *Montes v. SPARC Group, LLC*, No. 23-35496 (9th Cir.). *Id.* (collecting cases). A stay would therefore promote the orderly course of justice.

//

//

//

//

//

//

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Stay, Dkt. No. 11. This matter is **STAYED** pending the Ninth Circuit's resolution of *Montes II*. The parties shall submit a joint status report within 14 days of the Ninth Circuit's decision.

Dated this 7th day of October, 2026.

The Honorable Richard A. Jones
United States District Judge